# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-377V
### (not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

BERNA MALLETT,                   \*       Special Master Corcoran

                              \*

                Petitioner,     \*       Filed: July 19, 2017

                              \*

          v.                    \*       Decision; Attorney's Fees and Costs.

                              \*

                              \*

SECRETARY OF HEALTH AND     \*

HUMAN SERVICES,           \*

                              \*

               Respondent.    \*

                              \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Martin James Martinez*, Martinez Law Office, Napa, CA, for Petitioner.

*Lisa Ann Watts*, U. S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING ATTORNEY'S FEES AND COSTS [1]

On April 14, 2015, Berna Mallett filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program"), alleging that she suffered from Guillain-Barré syndrome, Necrotizing Myositis, quadriparesis, gait impairment, rhabdomyolysis, and transaminitis as a result of her November 5, 2013, receipt of the influenza vaccine.[2] The parties eventually filed a stipulation for damages on June 8, 2017 (ECF No. 35), which I adopted as my decision awarding damages on June 22, 2017. ECF No. 39.

---

[1] Although this Ruling has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Ruling in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has now filed a motion requesting final attorney's fees and costs, dated July 6, 2017. *See* ECF No. 40 ("Fees App."). Petitioner requests reimbursement of attorney's fees and costs in the total amount of $45,420.00 (representing $29,295.00 in attorney's fees, plus $16,125.00 in costs). *Id.* at 1. In accordance with General Order No. 9, Petitioner represents that she incurred $750.00 in personal litigation expenses in conjunction with this proceeding. *Id.* Respondent filed a document reacting to the fees request on July 17, 2017, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring to my discretion the determination of the amount to be awarded. ECF No. 41 at 2-3.

As a successful Vaccine Program Petitioner, Ms. Mallett is entitled to an award for fees and costs. Petitioner's counsel is located in Napa, California, which has been found to be an "in-forum" location for purposes of determining the appropriate attorney hourly rate. *See, Avila v. Sec'y of Health & Human Servs.*, No. 14-605V, 2016 WL 6995372, at *3 (Fed. Cl. Spec. Mstr. Nov. 4, 2016) (forum rates are appropriate for the entire San Francisco Bay area).

Here, Petitioner requests $350 per hour for work performed in 2015-2016 and $400 per hour for Mr. Martinez for work performed in 2017. Fees App. at 6. These requested rates are within the appropriate hourly rate ranges established for attorneys with comparable experience and will therefore be awarded. The hours expended on this matter also appear to be reasonable, and Respondent did not identify any entries as objectionable. The requested litigation costs also appear to be reasonable, and will be awarded. Finally, $750 is a reasonable sum to be paid to Petitioner for the personal litigation costs she expended.

I hereby GRANT Petitioner's motion for attorney's fees and costs. Accordingly, an award of **$45,420.00** should be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, Martin James Martinez, Esq. An award, in the form of check, shall also be made to Petitioner in the amount of **$750.00** for the litigation costs she incurred in furtherance of her claim. Payment of this amount represents all attorney's fees and costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.